(158 App. Div. 502.)

VANTA et al. v. MASSACHUSETTS BONDING & INS. CO.

(Supreme Court, Appellate Division, First Department.  October 24, 1913.)

1. INSURANCE (§ 641*)—ACTION—REPLY TO NEW MATTER IN ANSWER.

In an action on a burglary insurance policy, plaintiffs should have been required, on an application for such relief, to reply to defenses setting up a breach of warranty with respect to a previous application and declination of insurance, and a previous cancellation of a burglary insurance policy, and a breach of warranty with respect to a burglar alarm system and maintenance thereof.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1626, 1628, 1629; Dec. Dig. § 641.*]

2. INSURANCE (§ 644*)—ACTION—BILL OF PARTICULARS OF DEFENSE.

In an action on a burglary insurance policy, in which the answer alleged breach of warranty with respect to a previous application and declination of insurance, and a previous cancellation of a similar policy, defendant should not have been required to furnish a bill of particulars concerning such defense.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1625; Dec. Dig. § 644.*]

Appeal from Special Term, New York County.

Action by Harry Vanta and another against the Massachusetts Bonding & Insurance Company.  From an order denying a motion to require plaintiffs to reply to the second separate defense, and requiring defendant to furnish a bill of particulars before plaintiffs would be required to reply to the first defense of the answer, defendant appeals.  Reversed, and motion to require a reply granted.

See, also, 142 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Joseph L. Prager, of New York City, for appellant.
Philip J. Dunn, of New York City, for respondents.

PER CURIAM.   [1, 2]  This action is to recover $2,000 for alleged loss by burglary under a policy of insurance issued by the defendant to the plaintiffs.  The first defense sets up a breach of warranty with respect to a previous application and declination of insurance, and previous cancellation of a burglary insurance policy issued to the plaintiffs prior to the issuance of the policy alleged in the complaint.  The second defense alleges a breach of warranty with respect to a required burglar alarm system and maintenance thereof.  The learned court should have granted the motion, and directed the plaintiff to reply to each of these defenses.  The defendant should not have been required to furnish a bill of particulars respecting the facts set up in the first defense.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion requiring a reply to each of the defenses granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes